IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 1:09-CR-544-TWT |
| | : | |
| RICHARD W. RODGERS | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by and through its counsel, Sally Quillian Yates, United States Attorney, and Brent Alan Gray, Assistant United States Attorney, for the Northern District of Georgia, and files this memorandum in support of the government's sentencing recommendation in this matter:

**INTRODUCTION**

The Defendant was indicted on December 15, 2009 for distribution, receipt, and possession of child pornography. (Presentence Report "PSR" ¶¶ 1-4). On August 13, 2010, the Defendant pleaded guilty, pursuant to a written plea agreement, to Count Two which charges receipt of child pornography, (PSR ¶ 5). The mandatory minimum sentence applicable to Count Two is five years. (Id.). The Defendant's custody Guidelines range is 151-188 months. (Id., Part D, p. 15). The Defendant has submitted a

sentencing memorandum seeking a sentence below the advisory Guidelines range. For the reasons that follow, the government agrees that a sentence below the advisory Guidelines range is appropriate in this case.

## FACTUAL BACKGROUND

On April 4, 2008, a FBI agent working in an undercover capacity in Richmond, Virginia, logged onto the Gnutella peer to peer file sharing network in support of an FBI investigation known as "Operation Peer Pressure." A search on Limewire (a peer to peer software) was conducted at approximately 4:09 p.m., using the term "3yo girl" known to be associated with images of child pornography. The search returned a file name which contained the search term "3yo girl" from a subscriber using Internet Protocol (IP) address 71.56.86.68. A list of 327 files associated with child pornography were available for download from this IP address. (PSR ¶ 8).

The investigation determined that the IP address was registered to internet service provider Comcast. Pursuant to a subpoena, Comcast revealed that the subscriber using that IP address on April 4, 2008, was the Defendant at his residence in Douglasville, Georgia. (PSR ¶ 10).

On July 17, 2008, a federal search warrant was executed at Defendant's residence. FBI agents seized numerous computers

including a HP Pavilion laptop that the Defendant identified as his personal computer.  During the course of the search of his residence, the Defendant agreed to speak with agents.  During this voluntary interview, the Defendant admitted that he had searched for child pornography using terms such as "Tommy," "rape," "preteen," "lolita," and "r@gold."  A forensic examination of the computer identified 1,310 still images and 49 videos of child pornography.  The pornography found on Defendant's computer include visual depictions of prepubescent children engaged in intercourse with adult men, bondage and bestiality.  (PSR ¶¶ 11-12).

## DISCUSSION

The Presentence Report ("PSR") properly calculates the Defendant's Total Offense Level at 34, which includes enhancements for material involving a prepubescent minor (2 levels), distribution (2 levels), material that portrays sadistic or masochistic conduct (4 levels), the use of a computer (2 levels), and an offense involving more than six hundred images (5 levels). (PSR ¶¶ 20-31).  The Defendant's criminal history is category I, which yields a Guidelines custody range of 151-188 months.  (PSR ¶ 36, Part D).

In determining a reasonable sentence, the Court should begin by correctly calculating the applicable Guidelines range.  Gall v.

United States, 552 U.S. 38, 49, 128 S. Ct. 586, 596 (2007); United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008).  From there, the Court should assess the factors set forth in 18 U.S.C. § 3553(a) to determine a reasonable sentence.  Gall, 552 U.S. at 49-50; Pugh, 515 F.3d at 1189-90.  The § 3553(a) factors include the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense, deterring criminal conduct, and protection of the public.

Typically, the government recommends a sentence within the properly calculated Guidelines range because the Guidelines often yield a sentence that accurately reflects a defendant's culpability relative to similarly-situated individuals.  The Guidelines do so by incorporating such critical elements as a defendant's criminal history, the severity of the instant offense (for example, as measured by dollar loss, drug quantity or number of victims), and mitigating or aggravating factors such as role, abuse of position of trust, and the vulnerability of the victims.  Occasionally, when the government determines that the Guidelines do not adequately capture the severity (or lack thereof) of a defendant's crimes, the government may seek a departure or variance.  Generally, however, the government finds that the Guidelines yield sentences that are reasonably related to a defendant's criminal conduct: more culpable defendants face higher sentences than less culpable defendants.

In this case, the Defendant seeks a sentence below the Guidelines range and argues that the Guidelines overstate his culpability. (Defendant's Sentencing Memorandum at ?). The government agrees that in this case a sentence within the Guidelines range, although properly calculated, is not a reasonable sentence under the factors set forth in 18 U.S.C. § 3553(a). For that reason, the government asks that the Court impose a sentence below the Guidelines range and sentence the Defendant to a custodial term of imprisonment of 71 months. The government additionally requests that the Court impose a period of supervised release of no less than ten years. The government's analysis of the § 3553(a) factors and the grounds for its recommendation are detailed below.

    A.   Offense Conduct/Nature and Circumstances/Seriousness of Offense

The harm caused by the Defendant's conduct cannot be understated. The Eleventh Circuit has addressed the seriousness of this offense in its opinion in <u>United States v. Pugh</u>, 515 F.3d 1179, 1195-96 (11th Cir. 2008). The use of children in pornographic material is harmful to the "psychological, emotional, and mental health of the child." And the distribution of images of child pornography "is intrinsically related to the sexual abuse of children . . . . [T]he materials produced are a permanent record of

the children's participation and the harm to the child is exacerbated by their circulation." Id. at 1195-96.

"[P]ornography poses an even greater threat to the child victim than does sexual abuse or prostitution. Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place." New York v. Ferber, 458 U.S. 747, 758-59 & n. 9-10, 102 S. Ct. 3348 (1982). By downloading and distributing child pornography, the Defendant has contributed to the demand for those images. Id. at 1196; see United States v. Yuknavich, 419 F.3d 1302, 1310 (11th Cir. 2005) ("a child somewhere was used to produce the images downloaded . . . , in part because individuals like [the defendant] exist to download the images.")

In this case, the Defendant admitted to searching for, downloading, and viewing images of the sexual abuse of prepubescent children. There is also evidence that the Defendant made 327 images of child pornography available to be shared with others. He is deserving of a substantial sentence and a sentence that exceeds the mandatory minimum. However, the government agrees with the Defendant that the Guidelines may overstate his culpability with respect to several of the Guideline enhancements. For that reason, the government supports a variance from the Guidelines range in this matter.

In particular, the four-level enhancement for images of sadistic and masochistic conduct is applicable in this case, but applies to the Defendant in full force regardless of the content or number of such images. While an enhancement for the receipt of images portraying sadistic and masochistic conduct is appropriate, the government considers the fact, in moving for a variance, that this Defendant received and possessed fewer and less graphic images of this nature than many of the defendants prosecuted for like conduct. Similarly, the Defendant received and possessed a number of images that is less than many of the defendants prosecuted in this district, which the government similarly considers in moving for a variance in this case. Finally, although virtually all of the child pornography cases prosecuted in this district involve the use of a computer, the Defendant's offense level has been enhanced based upon his use of a computer.

In sum, although the Guidelines range has been properly calculated by the probation officer, it is the government's position that in this case the Guidelines range does not properly reflect the culpability of this Defendant, particularly when compared to other offenders who have been convicted of the same offense.

   B. History and Characteristics of The Defendant

The government does not dispute that the Defendant has no

criminal history and that he has support from members of his family. But that does not change the fact that the Defendant has spent substantial time searching for, downloading, saving and making available images portraying the sexual abuse of young children. Understandably, he kept his activities hidden from the view of his family. Thus, although the Defendant does not have a documented criminal history, the evidence shows that the Defendant has been searching for, downloading, and receiving child pornography for a substantial period of time.

    C.   Just Punishment

Although the government believes that a variance is proper in this case, a sentence at the mandatory minimum would not represent just punishment for a man who has received thousands of images of child sexual abuse which included visual depictions of prepubescent children engaged in intercourse with adult men, bondage and bestiality. A sentence greater than the mandatory minimum is also appropriate to punish the Defendant for making such images available to others through the internet.

    D.   Deterrence and Protection of the Public

The need for deterrence is particularly compelling in the context of child pornography offenses. United States v. Pugh, 515 F.3d 1179, 1194 (11th Cir. 2008). The Eleventh Circuit, citing the Seventh Circuit, wrote in Pugh that,

> Young children were raped in order to enable the production of the pornography that the defendant both downloaded and uploaded - both consumed himself and disseminated to others. The greater the customer demand for child pornography, the more that will be produced. Sentences influence behavior, or so at least that is what Congress thought when in 18 U.S.C. 3553(a) it made deterrence a statutory sentencing factor. The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more it will be produced.

515 F.3d at 1194 (quoting United States v. Goldberg, 491 F.3d 668, 672 (7th Cir. 2007). A sentence above the mandatory minimum will provide the proper deterrent to future misconduct, not just for the Defendant, but to others with a similar appetite for images portraying the sexual abuse of children. Furthermore, a significant sentence serves the purpose of protecting the public from consumers of images that portray the sexual abuse of children.

## **CONCLUSION**

Having analyzed the applicable Guidelines enhancements in the context of the Defendant's culpability, viewing the facts of this case in comparison to matters involving similarly-charged defendants, and considering the factors set forth in 18 U.S.C. § 3553(a), the government recommends that this Court impose a sentence below the applicable Guidelines range, but above the mandatory minimum. The government respectfully requests that this

Court impose a sentence of 71 months incarceration and a period of supervised release of no less than 10 years.

          Respectfully submitted,

          SALLY QUILLIAN YATES
          UNITED STATES ATTORNEY

          <u>/s/ Brent Alan Gray</u>
          BRENT ALAN GRAY
          ASSISTANT U.S. ATTORNEY
          600 U.S. Courthouse
          75 Spring Street, SW
          Atlanta, Georgia 30303
          (404) 581-6077
          Ga. Bar No. 155089

Case 1:09-cr-00544-TWT-ECS   Document 38   Filed 12/16/10   Page 11 of 11

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1C

This is to certify that the foregoing document was formatted in accordance with Local Rule 5.1B in Courier New font, 12 point type.

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the persons listed below a copy of the foregoing document via the Electronic Case Filing system of the United States District Court for the Northern District of Georgia, which will automatically send an e-mail notification of such filing to the following attorneys of record:

>Dan Summer
>Summer & Summer
>P.O. Box 921
>Gainesville, GA  30503

This 16th day of September, 2010.

>/s/Brent Alan Gray
>ASSISTANT UNITED STATES ATTORNEY

11