IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case no. 1:09-CR-544-TWT |
| | : |
| RICHARD W. RODGERS | : |

### DEFENDANT'S SENTENCING MEMORANDUM

Comes now the defendant, Richard W. Rodgers, by and through his counsel of record, Dan Conaway, and files this memorandum in support of the defendant's sentencing recommendation in this matter, and respectfully shows the following:

### DISCUSSION

I am writing to elaborate on my request as outlined in the Presentence Report for a downward departure from the advised guidelines range. This memorandum will focus on issues concerning 18 U.S.C. § 3553(a) that I wish for the Court to consider in my request for a downward departure on behalf of Mr. Rodgers. My client's sentencing offense level has been calculated by the probation officer in the Presentencing Report to be a level 34 with a recommended guidelines custody range of 151-188 months. Please note, I listed several objections to the way Mr. Rodgers's

guidelines range was calculated by the probation officer, however, I am not discussing these objections, concerning the calculating of the appropriate guidelines range, in this memorandum. I will elaborate on these objections at my client's sentencing hearing. Thus, this submitted memorandum to the Court will focus on issues concerning 18 U.S.C. § 3553(a) that I wish for the Court to consider in my request for a downward departure on behalf of Mr. Rodgers, regardless of the guidelines advisory offense level ultimately determined by the Court.

The facts of this case show that Mr. Rodgers was in possession of approximately 4,985 images of child pornography and 49 videos. Some of the images appeared to be identical to one another, but with different file directory locations.

An imposition of a 151-188 month detention period is, in my opinion, not only sufficient, but <u>much greater</u> than necessary, to comply with the purposes as set forth in 18 U.S.C. § 3553(a). I will begin by discussing the history and characteristics of my client. Mr. Rodgers is the father of two children, both of college age, and is married to Mrs. Kathy Rodgers, his wife whom he married shortly after graduating from high school where they met and were "high school sweethearts." Mr. Rodgers has faithfully

supported his wife and children over the years working in gainful employment. Mr. Rodgers is of working class background, including his current job performing maintenance, repair, and construction work for local fast food franchises. Mr. and Mrs. Rodgers are not wealthy individuals, and have limited formal education, yet they have labored faithfully throughout their lives to be good citizens in their community and to maintain an intact and stable home and family life for their children. Mr. Rodgers intends to be gainfully employed when he is released from prison. He is well-respected as a maintenance and construction worker by his employers and should be able to gain useful employment when he reenters his community after serving his time in detention. My conclusion is supported by the fact that Mr. Rodgers has remained employed throughout his period of supervised release and the duration of this case. Mr. Rodgers is the main breadwinner in his family and he and his wife will need his income when he returns to the community, so that Mr. Rodgers can support his family as he and Mrs. Rodgers move towards retirement age.

    Mr. Rodgers has also endeavored to assist the United States Attorney's office by providing them with information useful to the government for the further investigation and

prosecution of future criminal matters involving the same offense for which he is charged. Although, at least to this point, Mr. Rodgers has been unable to provide the type of information that would rise to the level of substantial assistance, he was fully cooperative and forthcoming during his proffer session with Assistant United States Attorney Brent Gray and Special Agent Cameron Rowe. Ironically, it is Mr. Rodgers's lack of involvement with other individuals who may have been involved in similar conduct, and, therefore, his lack of knowledge in the practice of communicating with such individuals, that has made it impossible for him to provide the kind of information that would rise to the level of substantial assistance that may have made Mr. Rodgers eligible for a 5k downward sentencing departure.

Also to be considered is the number of images in this case. The 4,000 or so images in this case, while above 600 images, total substantially less than the number of images possessed by defendants in other similar cases currently being prosecuted by the United States Attorney's Office. Although I am not excusing the possession of any contraband images, I do believe that the relatively low number of images, in comparison with other cases, is important for the Court to take into consideration.

As a specific example, I will discuss the sentencing outcome of another client of mine who came before the Court last month for sentencing concerning a very similar case. In that former matter, my former client possessed a much greater number of images, calculated by the prosecution to be 93,785 images and 642 videos. In this former matter, which came before the Court for sentencing last month, my client was both well educated and extraordinarily well versed in the operation and use of computers, and, therefore, was able to provide very technical and useful information to the United States Attorney's office during his proffer session. Partly in exchange for this highly useful information, the prosecutor in that case recommended a sentence of 79 months, as comporting with the requirements of 18 U.S.C. § 3553(a); and the Court concurred, sentencing my former client to 79 months.

In comparison, Mr. Rodgers, because of his educational background and lesser involvement in the possessing of child pornography, was simply not able to provide the government and law enforcement with the same level of useful information during his proffer session, although not for his lack of willingness to assist the government. At the same time, Mr. Rodgers was in possession of 1,310 images and 49 videos, which, although more than 600,

calculates out to be 92,785 fewer images and 593 fewer videos than my former client had in his possession and who received a sentence by the Court of 79 months at his sentencing hearing last month.

For all of the above reasons, on behalf of Mr. Rodgers, I respectfully urge the Court to impose a custodial period of 60 months. Such a sentence will reflect not only the serious nature and the circumstances of the offense, but also take into account the history and personal characteristics of Mr. Rodgers. A sentence of 60 months in custody will also promote respect for the law, and provide just punishment for the offense, while deterring further criminal conduct and protecting the public from any further crimes.

Mr. Rodgers has expressed full remorse for his crime, and both he and his family have been dealt a catastrophic blow by his behavior, which has led to his arrest and conviction in this case. He has absolutely no prior record or criminal history and he has certainly learned his lesson. A sentence of 60 months detention, followed by whatever period of supervised release the Court deems appropriate, is appropriate and comports with all of the factors outlined under 18 U.S.C. § 3553(a). Upon the completion of a 60 month period of detention, Mr. Rodgers

will still be young enough to be able to reintegrate into the work force and become a productive member of society. This is critical to his family's future, so that he can provide for himself, his wife, and his children and prepare for his and his wife's eventual retirement.

A sentence of 151-188 months, on the other hand, not only does not comply with the requirements of 18 U.S.C. § 3553(a) but also will emotionally and economically devastate an intact working class family; which not only does not comport with the interests of justice, but also does not promote the protection of the public nor the welfare of the community. For all of the above reasons, I urge the Court to sentence Mr. Rodgers to a 60 month period of custodial detention followed by whatever period of supervised release the Court deems appropriate.

This the 17th day of December, 2010.

Respectfully submitted,

Dan Conaway
Georgia State Bar No. 180310
Attorney for Defendant

Conaway & Strickler, P.C.
2901 Piedmont Rd., Suite A
Atlanta, Georgia 30305
404-816-5000
404-816-5004 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case no. 1:09-CR-544-TWT |
| | : | |
| RICHARD W. RODGERS | : | |

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1C

This is to certify that the foregoing document was formatted in accordance with Local Rule 5.1B in Courier New font, 12 point type.

### CERTIFICATE OF SERVICE

This is to certify that the foregoing memorandum was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following Assistant United States Attorney of record:

> Brent Alan Gray, Esq.
> Assistant United States Attorney
> 600 Richard B. Russell Building
> 75 Spring Street, SW
> Atlanta, Georgia 30303

This the 17th day of December, 2010.

Respectfully submitted,

_____
Dan Conaway
Georgia State Bar No. 180310
Attorney for Defendant

Conaway & Strickler, P.C.
2901 Piedmont Rd., Suite A
Atlanta, Georgia 30305
404-816-5000
404-816-5004 (fax)